# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GRAMAJO LOPEZ,<br><br>  Petitioner,<br><br>  v.<br><br>MERRICK GARLAND, et al.,<br><br>  Respondents. | Case No. 1:22-cv-00531-SAB-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING<br><br>ORDER SETTING HEARING FOR **SEPTEMBER 7, 2022**, AT **10:00 A.M.** |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 16–18.)

Petitioner has filed a petition for writ of habeas corpus and motion for temporary restraining order ("motion for TRO"), asserting that his prolonged detention is unconstitutional and requesting a court order requiring Respondents to immediately release Petitioner from detention or provide Petitioner with a bond hearing before an immigration judge. (ECF Nos. 1, 2.) Respondents have filed an opposition to the motion for TRO and a motion to dismiss the petition, arguing that Petitioner is subject to mandatory detention and his continued detention without a bond hearing is constitutional. (ECF No. 19.)

Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), it has recognized that "district

courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)" and noted that "[a]ccording to one such court order, the 'prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022) (quoting Martinez v. Clark, No. 18-cv-01669-RAJ, 2019 WL 5962685, at *1 (W.D. Wash. Nov. 13, 2019)). District courts in this circuit have taken various approaches to determining whether due process requires a bond hearing in a particular case. See, e.g., Juarez v. Wolf, No. C20-1660-RJB-MLP, 2021 WL 2323436, at *4 (W.D. Wash. May 5, 2021); Zagal-Alcaraz v. ICE Field Off., No. 3:19-CV-01358-SB, 2020 WL 1862254, at *3–4 (D. Or. Mar. 25, 2020); Banda v. McAleenan, 385 F. Supp. 3d 1099, 1116–18 (W.D. Wash. 2019); Martinez, 2019 WL 5968089, at *6–9; Rodriguez v. Nielsen, No. 18-cv-04187-TSH, 2019 WL 7491555, at *6 (N.D. Cal. Jan. 7, 2019).

The Court finds that supplemental briefing on which approach or test, if any, is applicable would assist the Court in this matter. Accordingly, the Court HEREBY ORDERS that:

1. The parties may file supplemental briefs on this issue by August 26, 2022; and
2. The matter is set for a hearing on the motion for TRO, the motion to dismiss, and the petition for writ of habeas corpus on **September 7, 2022**, at **10:00 a.m.** before Magistrate Judge Stanley A. Boone via videoconference. Prior to the hearing date, Courtroom Deputy Victoria Gonzales will email the parties with instructions regarding the videoconference.

IT IS SO ORDERED.

Dated:  **August 3, 2022**

UNITED STATES MAGISTRATE JUDGE